O'L & S, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. No. 88-P-63. February 2, 1989. *Alcoholic Liquors,* Alcoholic Beverages Control Commission. *Regulation.*

On the ground that G. L. c. 138 (laws relating to alcoholic beverages) did not authorize its adoption, a Superior Court judge declined to give effect to a regulation of the Alcoholic Beverages Control Commission which requires giving customers a printed receipt for a cover charge. See 204 Code Mass. Regs. § 2.16 (1986). The regulation elaborates how holders of liquor licenses shall comply with G. L. c. 140, § 183D, as appearing in

St. 1985, c. 427. That statute, directed to eating as well as drinking establishments, prohibits the collection of a cover charge "unless a sign is conspicuously posted at every entrance to any dining room or rooms where such charge is required, in letters no less than one inch in height" stating that there is a minimum or cover charge and how much it is.

Section 24 of c. 138, as appearing in St. 1971, c. 478, confers broad powers upon the commission to promulgate regulations "not inconsistent with the provisions" of c. 138, including those "for the proper and orderly conduct of the licensed business." Section 64 of c. 138, as amended through St. 1984, c. 312, § 9, empowers licensing authorities (which, under G. L. c. 138, § 1, may include the commission) to suspend or revoke a license upon a showing of a violation of "any law of the commonwealth." The commission may, therefore, prescribe by regulation the means to assure compliance with laws of the Commonwealth bearing on licensed places where alcohol is imbibed. That the source of the pertinent law may be outside c. 138 does not strip the commission of authority to regulate compliance, in this case, with the cover charge statute. The receipt regulation, albeit in marginal fashion, advances the purposes of the cover charge statute by introducing a procedure likely to encourage uniform adherence to the statute.

So much of the judgment as set aside a five-day suspension based on violation of 204 Code Mass. Regs. § 2.16 is reversed. The balance of the judgment is affirmed.

*So ordered*

*Alice E. Moore*, Assistant Attorney General, for the defendant.